**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**April Braun et al.,**

      **Plaintiffs,**

**v.**                                                               **Case No. 09-2560-JWL**

**Superior Industries International,
Inc.,**

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. This matter is before the court on defendant's motion for judgment on the pleadings (doc. 57) on the grounds that plaintiffs' amended complaint fails to state a claim for which relief can be granted. As will be explained, the motion is granted in part and denied in part.

In their amended complaint, plaintiffs allege that defendant operates manufacturing facilities in multiple states for the purpose of manufacturing various types of wheels for automobiles. Plaintiffs further allege that defendant routinely requires its non-exempt plant employees to perform pre- and post-shift work activities without compensation and that non-exempt plant employees routinely worked more than 40 hours per workweek without receiving overtime compensation for those hours worked beyond 40 in a workweek. Plaintiffs do not

allege the nature of the pre- and post-shift activities they allegedly were required to perform.[1]

Defendant argues that plaintiffs have not satisfied the pleading standards set forth by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009). Those standards were summarized by the Supreme Court in *Iqbal* as follows:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks

---

[1] Defendant contends that plaintiffs do not even allege that they worked more than 40 hours per week. But paragraph 1 of the amended complaint alleges that non-exempt plant employees were required to perform pre- and post-shift work without compensation and paragraph 16 of the amended complaint alleges that this "compensation policy" results in the denial of overtime compensation to employees. A reasonable inference from these allegations, then, is that the pre- and post-shift work that employees are allegedly required to perform without compensation results in those employees working more than 40 hours per week without receipt of the requisite overtime rate of pay.

2

a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief.

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949-50 (citations and internal quotations omitted) (quoting *Twombly*, 550 U.S. at 555-57, 570; Fed. R. Civ. P. 8(a)).

Shortly after *Twombly*, the Tenth Circuit described that opinion as one that "seeks to find a middle ground between 'heightened fact pleading,' which is expressly rejected, and allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the [Supreme] Court stated 'will not do.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citations omitted) (quoting *Twombly*, 550 U.S. at 555, 570). The Tenth Circuit also clarified the meaning of "plausible" under the *Twombly* standard:

Thus, "plausible" cannot mean "likely to be true." Rather, "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff

3

plausibly (not just speculatively) has a claim for relief.

*Id.* (citations omitted) (quoting Twombly, 550 U.S. at 570). The Tenth Circuit noted that "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248.

Defendant in this case contends that plaintiffs' amended complaint contains nothing more than "labels and conclusions" such that the complaint is not plausible on its face. Defendant's primary (if not sole) challenge to plaintiffs' amended complaint is that plaintiffs have not identified the specific nature of the pre- and post-shift "work" they were allegedly required to perform. As defendant acknowledges, any analysis of defendant's motion must begin with the court's prior decision in *McDonald v. Kellogg*, 2009 WL 1125830 (D. Kan. Apr. 27, 2009), in which the court addressed–and rejected–a *Twombly* challenge to a complaint setting forth a "straightforward" FLSA claim. In rejecting the defendant's challenge to a complaint containing allegations substantially similar to those set forth in plaintiffs' amended complaint here, the court noted that the defendant was demanding "a level of specificity from plaintiffs' complaint that is not required by the Federal Rules of Civil Procedure" and relied upon numerous post-*Twombly* cases supporting the court's conclusion that *Twombly* does not increase a plaintiff's burden in the context of pleading a straightforward FLSA claim. *Id*. at *1 (collecting cases). Ultimately, this court expressed its belief in *McDonald* that the Tenth Circuit, if faced with the issue, would conclude that the plaintiffs' complaint contained sufficient allegations of fact to state a claim for relief that was plausible on its face. *Id*. at *2.

4

While defendant acknowledges the *McDonald* decision, it contends that plaintiffs' allegations here are more "threadbare" than in *McDonald* and under the intervening *Iqbal* decision, those allegations are insufficient to state a claim for relief. The court disagrees. A side-by-side comparison of the two complaints reveals, if anything, that plaintiffs' complaint here provides more specific information than the plaintiffs' complaint in *McDonald*. In *McDonald*, the plaintiffs did not even allege that they were required to perform pre- and post-shift work without compensation. They simply alleged that the defendant's "practice and policy" was to willfully fail to pay overtime due and owing to the plaintiffs without identifying the specific pay practice or policy (*e.g.*, refusing to compensate for pre- or post-shift work) that allegedly caused the overtime violation.

Moreover, *Iqbal* does not impose any obligations on plaintiffs beyond *Twombly* and courts, in the wake of *Iqbal*, continue to find that dismissal of FLSA claims is not appropriate when the complaint alleges that non-exempt employees regularly worked more than 40 hours per workweek and that they were not paid time-and-a-half for those overtime hours. *See Hawkins v. Proctor Auto Serv. Center, LLC*, 2010 WL 1346416, at *1 (D. Md. Mar. 30, 2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied *Iqbal*); *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3-4 (S.D. Tex. Dec. 8, 2009) (refusing to dismiss FLSA claim under *Iqbal* despite lack of "detailed factual allegations" where plaintiffs alleged that they were classified as non-exempt, that they regularly worked more than 40 hours per week and were not paid overtime rates); *Haskins v. VIP Wireless Consulting*, 2009 WL 4639070, at *7 (W.D. Pa. Dec. 7, 2009) (applying

*Iqbal*, dismissal of complaint inappropriate where plaintiff alleged that he worked more than 40 hours per workweek and did not receive overtime compensation); *Connolly v. Smugglers' Notch Management Co.*, 2009 WL 3734123, at *23 (D. Vt. Nov. 5, 2009); *Acho v. Cort*, 2009 WL 3562472, at *2-3 (N.D. Cal. Oct. 27, 2009). Defendant's efforts, then, to distinguish this case from *McDonald* are unavailing.

In sum, plaintiffs here have alleged that defendant is subject to the FLSA; that they are nonexempt employees for purposes of the FLSA; that they have worked in excess of 40 hours per week by virtue of defendant's requirement that such employees perform pre- and post-shift work; and that defendant does not pay them overtime rates for hours worked in excess of 40 hours per week. Those allegations, if true, establish a claim for relief and they satisfy Rule 8(a). The court, then, denies defendant's motion for judgment on the pleadings with respect to this issue.

Next, defendant moves for judgment on the pleadings with respect to that portion of plaintiffs' amended complaint that seeks injunctive relief on the grounds that such relief is not available to a private litigant. *See Howard v. City of Springfield*, 274 F.3d 1141, 1144-45 (7th Cir. 2001) ("Courts facing the issue have uniformly held that according to [the] plain language, the right to seek injunctive relief [under the FLSA] rests exclusively with the Secretary of Labor."). Plaintiffs concede the issue in their response and, thus, defendant's motion is granted on this issue.

Finally, defendant moves to dismiss plaintiffs' amended complaint to the extent plaintiffs seek both interest and liquidated damages on the grounds that recovery of both is not

6

permissible. *See Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984) ("In light of our conclusion that plaintiffs are entitled to the full award of liquidated damages, we hold that the trial court incorrectly awarded plaintiffs prejudgment interest."). In response, plaintiffs clarify that they intended to plead those remedies in the alternative and they concede that they cannot recover both. Defendant's motion, then, is granted to the extent plaintiffs' amended complaint is read to seek recovery of both interest and liquidated damages and is denied to the extent plaintiffs seek those remedies as alternatives to one another.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for judgment on the pleadings (doc. 57) is **granted in part and denied in part**.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
