# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**April Braun et al.,**

    **Plaintiffs,**

**v.**                                                                               **Case No. 09-2560-JWL**

**Superior Industries International, Inc.,**

    **Defendant.**

## **MEMORANDUM & ORDER**

Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. This matter is before the court on defendant's motion to dismiss with prejudice those plaintiffs who failed to appear for properly noticed depositions (doc. 59). As will be explained, the motion is denied to the extent defendant seeks dismissal of the claims of these plaintiffs, but the court will require plaintiffs and their counsel to reimburse defendant for lost time associated with the scheduled depositions and for the filing of defendant's motion and will permit the plaintiffs in question to elect one of two alternative remedies–the court will either strike all evidence offered by these plaintiffs in connection with the pending motion for conditional certification or will stay the proceedings until defendant has deposed these three plaintiffs at the expense of the plaintiffs in question and their counsel.

*Pertinent Facts*

In this FLSA action, plaintiffs seek collective treatment of their claims that defendant required them to perform pre- and post-shift work without compensation in violation of the overtime provisions of the FLSA. On March 24, 2010, the magistrate judge issued a scheduling order setting a discovery deadline of May 17, 2010 for "pre-certification issues" and permitting the taking of 10 depositions each by plaintiffs and defendant. Defendant's current counsel, located in Tennessee, was granted pro hac vice admission to the court in early April 2010. On April 30, 2010, defendant's counsel notified plaintiffs' counsel of its intention to depose certain plaintiffs, including Albert Williams, Jr., Angelette Chatman and Charles Taylor, during the three-day window from Tuesday, May 11, 2010 through Thursday, May 13, 2010. Specific facts concerning the scheduled depositions of each of these three plaintiffs follows.

Plaintiff Albert Williams, Jr. was added as a named plaintiff in this action in December 2009. On May 4, 2010, defendant filed a notice to take the deposition of Mr. Williams on May 11, 2010 at 11:00am. On May 7, 2010, plaintiffs' counsel contacted defendant's counsel to inquire about changing Mr. Williams' deposition to May 12, 2010 at 11:00am. Defendant's counsel agreed to the schedule change and no other communications occurred between counsel concerning Mr. Williams' deposition. Mr. Williams did not appear at the deposition. Plaintiff's counsel attempted to contact Mr. Williams throughout the day on May 12, 2010 without success. More than two weeks later, on May 27, 2010, Mr. Williams advised his counsel that his car allegedly broke down "around Jefferson City" while he was traveling from Fayetteville, Arkansas to Kansas City for his deposition and that his phone dropped and broke while he was

trying to contact plaintiffs' counsel to advise him that he would not be able to attend the deposition.[1]

Opt-in plaintiff Angelette Chatman filed her consent-to-join form in November 2009. On May 4, 2010, defendant filed a notice to take the deposition of Ms. Chatman on May 12, 2010 at 3:00pm. Later that day, plaintiffs' counsel contacted defendant's counsel via e-mail and advised that Ms. Chatman "can't travel to KC at all. She works nights and is unable to be available for deposition."[2] On May 5, 2010, defendant filed an amended notice to take the deposition of Ms. Chatman on May 13, 2010 at 3:00pm to accommodate the schedule of another deponent. The record does not reflect that any further communications occurred between counsel concerning Ms. Chatman's availability for a deposition. She did not appear at her properly noticed deposition and she did not file a motion for a protective order.

Opt-in plaintiff Charles Taylor filed his consent-to-join form in November 2009. On May 4, 2010, defendant filed a notice to take the deposition of Mr. Taylor on May 11, 2010 at 4:00pm. The following day, defendant filed an amended notice to take the deposition of Mr. Taylor on May 12, 2010 at 3:00pm to accommodate the schedule of another deponent. On May 6, 2010, plaintiffs' counsel contacted defendant's counsel via e-mail and advised that Mr. Taylor

---

[1] Defendant questions the veracity of Mr. Williams' excuse for not appearing for his deposition. Without deciding the issue, the court finds it curious that neither Mr. Williams nor his counsel has provided an affidavit concerning Mr. Williams' excuse and, at a minimum, questions the circuitous route apparently taken by Mr. Williams from Fayetteville to Kansas City via Jefferson City.

[2] The record reflects that Ms. Chatman resides in Pittsburg, Kansas–approximately two hours away from Kansas City.

3

"cannot be here during the week" for a deposition because he is "still in his 90 day probation period at his new job and can only miss 2 days."[3] As an alternative, plaintiffs' counsel offered to produce Mr. Taylor for his deposition on Saturday, May 15, 2010. Defendant's counsel, in response, stated that he could not take the deposition of Mr. Taylor on Saturday due to the increased expense resulting from a Saturday deposition in terms of counsel having to stay in Kansas City an additional two days and having to alter flight arrangements. No other communications between counsel concerning Mr. Taylor's deposition are reflected in the record. Mr. Taylor did not appear for his properly noticed deposition and he did not file a motion for a protective order.

*Analysis*

Federal Rule of Civil Procedure 37(d)(1)(A) expressly permits a district court to order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Authorized sanctions for a party's failure to appear at his or her deposition include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" striking pleadings in whole or in part; staying further proceedings until compliance is obtained; and dismissing the action in whole or in part. Fed. R. Civ. P. 37(d)(3) (referring to sanctions listed in Rule 37(b)(2)(A)(i)-(vi)). Instead of or in addition to these sanctions, the "court must require the party failing to act, the

---

[3] There is no evidence in the record suggesting that Mr. Taylor's attendance at the deposition during the week would have pushed him over his 2-day limit for absences.

attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In its motion, defendant seeks dismissal with prejudice of the claims of Mr. Williams, Ms. Chatman and Mr. Taylor. Bearing in mind that "dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort," the court declines to dismiss the claims of these parties at this juncture. *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009). As an initial matter, the court is not convinced from the record that the fault in this case lies entirely with Mr. Williams, Ms. Chatman and Mr. Taylor. Based on certain arguments made by plaintiffs' counsel in his briefing to the court, the court is inclined to believe that plaintiffs' counsel is at least partially to blame for the predicament his clients now face. In response to defendant's motion, plaintiffs' counsel suggests that, at least with respect to the depositions of Mr. Taylor and Ms. Chatman, defendant was "on notice" that Mr. Taylor and Ms. Chatman would not appear and the burden was on defendant to "object" to that notice. Plaintiffs' counsel also complains about the "short notice" provided by defendant's counsel for the depositions. To be sure, plaintiffs' counsel was obligated to seek a protective order if the deposition schedule was objectionable to him or his clients. *See* Fed. R. Civ. P. 37(d)(2). The court questions, then, whether plaintiffs' counsel provided his clients with appropriate advice concerning their responsibilities as plaintiffs in this action and importance of appearing for a properly noticed deposition. In such circumstances, the court is reluctant to lodge a sanction such as dismissal where the impact is felt nearly exclusively by the plaintiffs themselves. *See Davis*, 571 F.3d at

1061 (impact of the sanction should be lodged at either the lawyer or the client, depending on who is at fault).

Moreover, while defendant has certainly been prejudiced by the failures of Mr. Williams, Ms. Chatman and Mr. Taylor to appear for their depositions, that prejudice can be alleviated through sanctions short of dismissal. *See id.* (setting forth *Ehrenhaus* factors). Without question (and as mandated by Rule 37(d)), the court will hold Mr. Williams, Ms. Chatman and Mr. Taylor, together with their counsel, jointly responsible for the cost of any time lost by defendant's counsel on May 12, 2010 and May 13, 2010. In addition, the court will hold Mr. Williams, Ms. Chatman and Mr. Taylor, together with their counsel, jointly responsible for the costs associated with the filing of defendant's motion. Finally, the court will permit Mr. Williams, Ms. Chatman and Mr. Taylor to elect one of two alternative remedies for the failures of Mr. Williams, Ms. Chatman and Mr. Taylor to appear for their depositions: the court will either strike all evidence offered by these three individuals in connection with the pending motion for conditional certification or the court will stay the proceedings until defendant has an opportunity to depose these three individuals at the expense of these plaintiffs and their counsel, including the cost of travel for defendant's counsel. On or before July 19, 2010, Mr. Williams, Ms. Chatman and Mr. Taylor shall advise the court of their election and defendant shall provide an accounting of the costs and fees associated with defendant's counsel's lost time on May 12, 2010 and May 13, 2010 and the costs and fees it sustained in drafting and filing its motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to

dismiss with prejudice plaintiffs who failed to appear for properly noticed depositions (doc. 59) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs Albert Williams, Jr., Angelette Chatman and Charles Taylor, together with their counsel, shall reimburse defendant for lost time associated with the scheduled depositions and for the filing of defendant's motion. No later than July 19, 2010, defendant shall provide the court with an accounting of the costs and fees associated with defendant's counsel's lost time on May 12, 2010 and May 13, 2010 and the costs and fees it sustained in drafting and filing its motion.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs Albert Williams, Jr., Angelette Chatman and Charles Taylor shall notify the court no later than July 19, 2010 concerning their election of an alternative remedy.

**IT IS SO ORDERED.**

Dated this 8th day of July, 2010, at Kansas City, Kansas.

        s/ John W. Lungstrum
        John W. Lungstrum
        United States District Judge