# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**April Braun et al.,**

    **Plaintiffs,**

**v.**                                                                          **Case No. 09-2560-JWL**

**Superior Industries**
**International, Inc.,**

    **Defendant.**

## MEMORANDUM & ORDER

      Plaintiffs, individually and on behalf of others similarly situated, filed this wage and hour suit against defendant Superior Industries International, Inc., alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Initial discovery in this case was limited to issues relating to plaintiffs' anticipated motion for conditional certification under § 216(b) of the FLSA.[1] During this "pre-certification" phase of discovery, named plaintiff Albert Williams, Jr. and opt-in plaintiffs Angelette Chatman and Charles Taylor failed to appear for their properly noticed depositions. The court denied defendant's Rule 37(d) motion to dismiss the claims of these plaintiffs, but concluded that these plaintiffs and their counsel were required to reimburse defendant for lost time associated with the scheduled depositions and for the filing of defendant's motion.

      Toward that end, the court further directed defendant to provide an accounting of the costs and fees associated with defendant's counsel's lost time on the dates of the scheduled

---

[1] The court has recently granted in part plaintiffs' motion for conditional certification.

depositions and the costs and fees it sustained in drafting and filing its motion. Defendant has now submitted a summary of the fees incurred by its counsel for lost time associated with the scheduled depositions and time associated with the filing of the Rule 37(d) motion. That summary reflects total fees of $11,418.00. Plaintiffs have now filed a motion to review defendant's "accounting of costs and fees," asking the court to deny defendant any award of fees on the grounds that defendant's summary is not supported by affidavit or any other evidence or, in the alternative, to substantially reduce any award on the grounds that the suggested award is unreasonable. As will be explained, plaintiffs' motion is granted in part and denied in part. Specifically, the court awards defendant $5225.00 in attorneys' fees under Rule 37(d)(3).

The court begins with plaintiffs' argument that the court should deny any award of fees on the grounds that defendant has failed to provide the court with any evidence supporting its summary of fees. Defendant responds that plaintiffs' motion is wholly inappropriate because the court did not ask defendant to file a motion seeking an award of fees, but simply asked defendant to file an "accounting" of its fees such that defendant understood that the court intended to provide defendant with a straight fee recovery as opposed to a lodestar-limited recovery. In other words, defendant apparently did not anticipate that the court would make any reasonableness determination in connection with defendant's accounting. Indeed, defendant now seeks an additional award of fees and costs for time spent responding to plaintiffs' motion to review.

While the court's order could have been more clear, the court intended by its use of the term "accounting" for defendant to file not a summary of its fees but a detailed description of

the services, time and pay rate per attorney as properly supported by contemporaneous billing records. *See Case v. United Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel for the party claiming fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). The court also fully anticipated conducting a lodestar analysis to defendant's accounting. *See* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2288, at 519 n.19 (2010) ("The proper method for awarding attorney fees as a sanction for discovery misconduct is the lodestar method."). Because the court's order was not clear to the parties, the court will neither completely deny an award to defendant based on its failure to submit to the court any billing records nor grant an additional amount to defendant based on plaintiffs' filing of the motion to review.

The court turns, then, to plaintiffs' argument that any fee award should be substantially reduced in connection with the requisite lodestar analysis–an analysis in which the court is comfortable engaging even in the absence of defendant's billing records in light of the time and pay rate information provided in defendant's summary. Under the lodestar analysis, a reasonable fee is measured by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1933). As noted above, defendant's summary reflects total fees of $11,418.00. That figure is based on time spent by two attorneys, David Harvey and Steven Trent. Defendant has not provided any evidence of the experience of these lawyers, but the court will accept counsel's representations that Mr. Harvey is an eighth-

3

year senior associate well experienced in FLSA matters and that Mr. Trent is a shareholder at the firm with 17 years' experience in labor- and employment-related matters. Defendant's summary reflects an hourly rate of $260.00 for Mr. Harvey and $320.00 for Mr. Trent. Plaintiff does not challenge Mr. Trent's hourly rate but asserts that Mr. Harvey's hourly rate, particularly in the absence of any market evidence submitted by defendant, should be reduced to a rate in the range between $180.00 and $207.00. As courts in this district have noted, the average associate in Kansas City in 2007 billed at the rate of $207.00 per hour. *See, e.g., Hayne v. Green Ford Sales, Inc.*, 2010 WL 2653410, at *6 (D. Kan. June 29, 2010).[2] Considering that three years have past since the hourly rates announced in *Hayne* were published and that Mr. Harvey's experience would place him near the very top of that scale, the court concludes that an hourly rate of $225.00 is appropriate for Mr. Harvey.

Turning to the hours expended by counsel in connection with the scheduled depositions, defendant seeks reimbursement for both Mr. Harvey's time and Mr. Trent's time, although Mr. Trent did not participate in any fashion other than as an advisor to Mr. Harvey. While defendant is certainly free to authorize the expense of having two lawyers attend depositions, this is not the type of added expense that is appropriately shifted to plaintiffs and their counsel. *See Ramos v. Lamm*, 713 F.2d 546, 554 n.4 (10th Cir. 1983) (the presence of more than one lawyer at a

---

[2]The court recognizes that defendant's counsel is based in Tennessee and certainly defendant is free to select counsel from any locality. But no showing has been made (or suggested) that this matter could not have been handled by counsel from Kansas City and, thus, the prevailing local hourly rates will be applied. *See Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005).

4

deposition must be justified to the court).  The court, then, will strike all time incurred by Mr. Trent in connection with the scheduled depositions.  That leaves 4.8 hours of time spent by Mr. Harvey–an amount of time that plaintiffs concede is reasonable.  In summary, then, a fee award of $1080.00 (4.8 hours expended multiplied by a rate of $225.00) is reasonable with respect to counsel's lost time associated with the scheduled depositions.

With respect to the hours expended by counsel in connection with the motion to dismiss and the reply in support of the motion, defendant's summary reflects that Mr. Harvey spent 17.7 hours researching and drafting the motion and 12.8 hours drafting the reply brief, while Mr. Trent spent 1.5 hours reviewing and revising the motion and .7 hours "finalizing" the reply brief.  The court agrees with plaintiffs that the nearly 20 hours spent by defendant's counsel on an opening brief that in substance was approximately 10 pages in length and largely factual in nature is excessive.  Moreover, in light of the fact that Mr. Harvey is certainly on the brink of partnership, the court doubts the necessity of having Mr. Trent spend 1.5 hours reviewing a 10-page brief.  The court, then, concludes that 10 hours is reasonable for Mr. Harvey's work on the motion and .5 hours is reasonable for Mr. Trent's review of the motion.  Similarly, the court concludes that 7 hours is reasonable for Mr. Harvey's work on the reply brief and .5 hours is reasonable for Mr. Trent's review of that brief.  In summary, then, a fee award of $4145.00 (one hour at the rate of $320.00 plus 17 hours at the rate of $225) is reasonable with respect to counsel's time spent in connection with the motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to

review costs (doc. 96) is granted in part and denied in part. The court awards defendant $5225.00 in attorneys' fees.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2010, at Kansas City, Kansas.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge